UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE JASPER,

        Petitioner,

v.                                             CASE NO. 04-CV-71446-DT
                                               HONORABLE BERNARD A. FRIEDMAN

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.      Introduction**

Johnnie Jasper ("Petitioner"), a state prisoner currently confined at the Mid-Michigan

Correctional Facility in St. Louis, Michigan,[1] has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of two counts of third-degree

criminal sexual conduct ("CSC"), stalking, and aggravated assault following a bench trial in the

Wayne County Circuit Court in 2001.  He was sentenced to concurrent terms of 9 to 15 years

imprisonment on each of the CSC convictions and concurrent terms of 9 to 12 months on the

stalking and assault convictions.

In his pleadings, Petitioner raises claims concerning the effectiveness of trial and

appellate counsel.  For the reasons stated, the Court dismisses the petition for writ of habeas

---

[1]At the time he instituted this action, Petitioner was confined at the Florence Crane Correctional
Facility in Coldwater, Michigan where Respondent is the warden.

corpus without prejudice for failure to exhaust state court remedies.

## II.   Facts and Procedural History

Petitioner's convictions arise from his assault upon his live-in girlfriend at their home during the early morning hours on December 13, 1998.  The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> According to the victim's testimony at trial, the following occurred on that date. Defendant, who at the time lived with the victim, returned to their home intoxicated, aroused her from her sleep, and commenced to accuse her of being unfaithful to him. Defendant's verbal accusation escalated into a physical attack. Defendant grabbed, choked, and beat her until at one point she loss consciousness. When she awakened, she was lying on her stomach on the bed. Defendant continued to physically attack her on the bed and then he pulled up her gown and penetrated her vaginally and anally with his penis. Afterward, defendant passed out and she was able to contact a friend.  Eventually, the victim and her friend went to a hospital where the victim received treatment and reported the incident to the police.  She did not immediately press charges because she was afraid. After the incident, she no longer lived with defendant.  Further, from the date of this occurrence until defendant's arrest over one year later, defendant repeatedly came to the friend's house where she stayed, banged on the door in the middle of the night, screamed her name and asked her to come outside, called her on the phone there, came to her job and sat in his car across the street from her job and followed her home in his car.
>
> In his testimony, defendant presented a polar opposite version of the events. Defendant testified as follows.  When he returned to their home, the victim confronted him with an accusation that he was sleeping with his former wife.  In the course of this confrontation, the victim assaulted him with a small knife, but he was able to disarm her; however, he did, in fact, inflict some injuries upon the victim as a result.  After they cooled down, he apologized to the victim and they reconciled.  Thereafter, they engaged in consensual vaginal and anal intercourse. Further, he and the victim continued to live together after the incident.

*People v. Jasper*, No. 237792, 2003 WL 1342990, *1 (Mich. App. March 11, 2003).

Following sentencing, Petitioner moved for an evidentiary hearing and new trial in the trial court which was denied.  Petitioner also filed an appeal as of right with the Michigan Court

of Appeals alleging that:  (1) the prosecution presented insufficient evidence, and (2) trial counsel was ineffective for failing to call witnesses who would have enhanced his credibility by confirming that he and the victim lived together after the incident.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Jasper*, No. 237792, 2003 WL 1342990 (Mich. App. March 11, 2003).  Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely on November 18, 2003.  *See* Affidavit of Clerk Corbin R. Davis, Resp. Exh. 1.

Petitioner thereafter filed the instant habeas petition asserting that:  (1) appellate counsel was ineffective for instructing him to waive an evidentiary hearing, for filing an inadequate brief, and for failing to inform him of the Michigan Court of Appeals' decision in a timely manner, and (2) trial counsel was ineffective for failing to assert a meaningful defense regarding the delay in prosecution, for making an (unidentified) off-the-record agreement with the prosecution, for failing to move to suppress his custodial statement, for failing to call witnesses and present evidence.  Respondent has filed an answer to the petition asserting that it should be dismissed because the claims have not been properly exhausted in the state courts.  Petitioner has filed a reply to the answer contending that his claims should be heard.

**III.    Analysis**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions

employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. First, Petitioner has not fairly presented any of his claims to the Michigan Supreme Court given that his application for leave to appeal in that court was untimely. *See, e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (habeas petitioner failed to satisfy the exhaustion requirement of raising his claims at all levels of state court review, where his application for leave to appeal the denial of his 6.500 motion was rejected by the Michigan Supreme Court as untimely). Second, Petitioner has not presented each of his specific claims of ineffective assistance of counsel to the Michigan Court of Appeals. For example, it appears that he did not assert that trial counsel was ineffective for failing to assert a meaningful defense regarding the delay in prosecution, for making an (unidentified) off-the-record agreement with the prosecution, and for failing to move to suppress his custodial statement on direct appeal before the Michigan Court of Appeals. The exhaustion doctrine requires a petitioner to present "the same claim under

4

the same theory" to the state courts before raising it on federal habeas review. *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). Because Petitioner has not done so, he has failed to fully exhaust state court remedies as to those ineffective assistance of counsel claims.

Petitioner has available avenues for relief in the state court system to fully exhaust his present habeas claims. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the Michigan appellate courts. Petitioner's unexhausted claims concern matters of federal law which may warrant further review.[2] Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

## IV.   Conclusion

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claims presented in his supplemental brief in support of his federal habeas petition. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.


                                    s/Bernard A. Friedman
                                    BERNARD A. FRIEDMAN
                                    UNITED STATES DISTRICT JUDGE


DATED: November 8, 2005

---

[2]The Court expresses no opinion on the merits of Petitioner's claims.

5